IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WANDA HARRIS | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:05CV27 |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| ET AL. | § | DEFENDANTS |

MEMORANDUM OPINION AND ORDER
REGARDING DEFENDANT ALLSTATE INSURANCE
COMPANY'S MOTION FOR SUMMARY JUDGMENT

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [25] filed by Defendant Allstate Insurance Company. The Plaintiff has filed her response, and the Defendant has filed a rebuttal. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion for Summary Judgment should be should be granted in part and denied in part.

DISCUSSION

In 1999, Plaintiff Harris experienced a leak in her home's plumbing associated with the water heater. Harris had insured her home with Defendant Allstate Insurance Company ("Allstate"). Allstate determined that the damage caused by the leak was covered by Harris's homeowner's policy, and paid for a contractor to repair the damage in her kitchen and dining room area. In August 2003, Harris noticed that the hardwood floors in her living room were warping. She called in a plumber, who did not find any leaks in the plumbing. She then called Allstate to make a claim, informing Allstate that the plumber found no evidence of leaks, but did find water accumulation on one end of the house and it was his opinion that the moisture was causing the buckling of the floors. Allstate's adjuster reviewed this information, and called

Harris to tell her that the damage was not covered under her policy of insurance.

Having failed to receive the benefits to which she claims she is entitled, Harris filed this lawsuit. She claims that the damage to her home she noticed in 2003 was caused by improper repair of the water heater leak damage in 1999. She also alleges that Allstate denied her 2003 claim in bad faith, without conducting its own investigation into the source of the damage. She seeks compensatory and punitive damages.

Allstate contends that the applicable statute of limitations bars Harris's claim regarding the improper repair in 1999, and that the damage noticed in 2003 was not caused by the water heater leak, but had another, excluded, cause.

THE STATUTE OF LIMITATIONS:

The parties agree that the 3-year statute of limitations contained in MISS. CODE § 15-1-49 is applicable to Harris's claims. However, Harris contends that her claim is not barred because the discovery rule contained in that provision tolled the accrual of her cause of action to 2003, when her floors started warping.

Allstate presents the affidavit of Derwin Whitfield, the owner of the company contracted by Allstate to do the repairs to Harris' house in 1999. (Exh. 10 to Defendant's Motion). According to Mr. Whitfield, he and his workers found water damage to the floor in the kitchen and small dining room area. They removed and replaced the water-damaged areas of the flooring and sub-flooring in the kitchen and dining room areas. They were called back once to straighten a crooked floor joist, but other than that, Harris "never reported any problems with the work we had done." *Id.*

Harris offers the testimony of Jeff Bennett, owner of Bennett and Sons Construction.

(Exh. 4 to Defendant's Motion). Mr. Bennett testified that he and his workers discovered a rotted subfloor in the living room. *Id.*, pg. 18. It was his opinion that the water heater leak could have caused the damage if the water extended to the living room subfloor and was not noticed at the time repairs were made in 1999. *Id.* at 23. He stated that he "wouldn't know for sure. I would not know. That was an idea that I had because we couldn't figure out why this floor was this badly disintegrated. The leak could have been there for a while, I don't know." *Id.* at 24.

>  MISS. CODE § 15-1-49(2) states:
>
> In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

*Id.* A latent injury is defined as one where the plaintiff is precluded from discovery of the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question, or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act. *PPG Architectural Finishes, Inc. v. Lowery*, 909 So.2d 47, 50 (Miss. 2005) (citations omitted).

It appears to the Court that Harris' injury, if caused by the water heater leak, was latent until 2003, when her hardwood floor began warping. It is unrealistic to expect that she would perceive the inadequacy of the repairs made by the contractor in 1999, if the repairs were inadequate and the cause of the additional damage. Whether the repairs were inadequate and the cause of the additional damage discovered in 2003 is clearly a question of material fact which cannot be resolved on a motion for summary judgment. It is the province of the jury to weigh the evidence provided by the parties on this issue.

BAD FAITH DENIAL OF CLAIM:

When faced with a claim, an insurer is required to perform a prompt and adequate investigation of the circumstances surrounding the claim. *Bankers Life & Cas. Co. v. Crenshaw*, 483 So.2d 254, 276 (Miss. 1985). Nevertheless, a plaintiff's burden in proving a claim for bad faith refusal goes beyond merely demonstrating that the investigation was negligent. As the Fifth Circuit stated in *Merchants Natl. Bank v. Southeastern Fire Ins. Co.*, 751 F.2d 771, 777 (5th Cir. 1985), the level of negligence in conducting the investigation must be such that a proper investigation by the insurer "would easily adduce evidence showing its defenses to be without merit ..." *Szumigala v. Nationwide Mut. Ins. Co.*, 853 F.2d 274, 280 (5th Cir. 1988). The information available to Allstate when it denied the claim, provided by Harris, was that there was water accumulating under the home, the floors were buckling, and a plumber did not find a plumbing leak. (Exh. 12 to Defendant's Motion). Allstate's adjuster denied the claim because water accumulation underneath the home, on or below the surface of the ground, was not a covered loss under Harris' insurance policy. *Id.* Today, there is a question of material fact as to the cause of the damage to Plaintiff's floors, but there is no indication that Allstate could have "easily adduced evidence showing its defenses to be without merit." *Szumigala*, at 280. The Court therefore finds that Harris has not provided evidence showing that there is a question of material fact for the jury on the issue of bad faith denial of claim. Allstate is entitled to summary judgment on this claim.[1]

---

[1] Defendant Allstate also filed a separate Motion for Partial Summary Judgment as to Punitive Damages [26], to which Plaintiff filed a response. In light of the foregoing discussion regarding Plaintiff's bad faith claim, the Court finds that Motion for Partial Summary Judgment as to Punitive Damages is moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [25] filed by Defendant Allstate Insurance Company is **GRANTED** as to Plaintiff's claim of bad faith denial of claim and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 10th day of July 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
U.S. DISTRICT JUDGE